IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MILTON SMITH #A81091,            )
                                 )
            Petitioner,          )
                                 )
     v.                          )    No.  11 C 6912
                                 )
DIRECTOR S. A. GODINEZ,          )
                                 )
            Respondent.          )

MEMORANDUM OPINION AND ORDER

Milton Smith ("Smith") has tendered a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"), challenging his 1983 conviction on two murder charges on which he is currently serving a 60-year custodial sentence. Although Smith has not provided all of the requisite information for the normal threshold determination as to the potential viability of a federal habeas claim on his part, what he <u>has</u> tendered suffices to exclude him from any relief in this District Court.

First, however, there is the matter of two documents that have accompanied the Petition: Smith's In Forma Pauperis Application ("Application") and his Motion for Appointment of Counsel ("Motion"), both submitted on Clerk's-Office-supplied forms. As for in forma pauperis status, Smith is obviously unaware that the fee for a Section 2254 petition is the modest sum of $5 rather than a full filing fee, so that he can certainly

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

handle such a payment.  Hence the Application is denied.  As for the Motion, the further rulings in this memorandum opinion and order render it moot.

Given the age of Smith's conviction and sentencing, it would be extraordinarily surprising if some or all of his current claims were not barred by the one-year limitation period prescribed by Section 2244(d).  And that is certainly true as to the second of Smith's current contentions, which he summarizes in this title covering that section of his Petition:

> II.  Milton Smith's Mittimus Erroneously Reflects Two Convictions For Murder and Should Be Corrected To Reflect Only One Conviction For First Degree Murder Because There Was Only One Decedent.

In fact, more than one reason calls for rejection of that claim, for Smith's argument there is based solely on Illinois state law and not on federal constitutional considerations.[2]

It is equally clear that the third of Smith's asserted grounds is also fatally flawed in federal habeas terms--here is the caption for that section of the Petition:

> III.  THE APPELLATE COURT ERRED IN DENYING SMITH'S PRO-SE MOTION FOR APPOINTMENT OF BLUHM LEGAL CLINIC

---

[2]  Indeed, just as is explained later regarding Smith's first asserted ground, all of the Petition's section that bears the just-quoted title and is followed by two pages of argument was lifted bodily from his state court appellate brief challenging the dismissal of his second and most recent state post-conviction proceeding.  Every case cited there is an Illinois Appellate Court or Supreme Court decision, and there is not even a whisper of any purported federal constitutional violation.

>     NORTHWESTERN UNIVERSITY SCHOOL OF LAW TO REPLACE THE
>     OFFICE OF THE STATE APPELLATE DEFENDER WHERE ATTORNEY
>     PATRICIA UNSINN, ATTORNEY ROBERT HIRSCHHORN, AND
>     ATTORNEY CAROLYN R. KLARQUIST ALL TESTIFIED THAT THEIR
>     OFFICE HAS SIXTY-FOUR FULL TIME AND NINE PART TIME
>     ASSISTANT DEFENDERS WORKING ON CASES AND A BACKLOG OF
>     APPROXIMATELY ONE-THOUSAND FOUR HUNDRED AND NINTY [sic]
>     THREE UNBRIEFED CASES AT THE TIME SMITH'S BRIEF WAS
>     DUE.  THEY REQUESTED AND RECEIVED SEVERAL CONTINUANCES.

As the ensuing discussion makes plain, Smith's core claim is that he was provided ineffective assistance by appellate counsel in support of his pro-se-initiated state post-conviction proceeding. But there are two short--and fully dispositive--answers to any such contention:

> 1. There is no federal constitutional right to counsel in post-conviction proceedings, as contrasted with trial and direct appeal proceedings--as our Court of Appeals stated succinctly earlier this year in <u>Lavin v. Rednour</u>, 641 F.3d 830, 833 (7th Cir. 2011):
>
>> However, prisoners do not have the right to counsel on collateral review.  <u>See</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987).
>
> 2. Relatedly the Supreme Court taught fully three decades ago in <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981) that a public defender does not act under color of state law (and hence is invulnerable to a claim of federal constitutional deprivation) when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.

So Smith's remedy (if any) against the appellate defenders for any purported deficiencies in their representation is a state court malpractice action, *not* a Section 2254 petition. And that means that Smith's third ground for possible relief goes down the tubes as well.

That then leaves only Smith's first contention, which he summarizes with this caption:

> I. The Trial Court Erred in Denying Smith's Pro Se Motion For Forensic Testing Under 725 ILCS 5/116-3 Where: (1) Identity Was the Central Issue in His Case; (2) A Sufficient Chain Of Custody Was Established; And (3) Articles of Smith's Clothing, Which Have the Potential to Produce New, Noncumulative, Evidence Material to Milton Smith's Claim of Actual Innocence, Were Never Tested For DNA Evidence At Trial.

But as with Smith's second contention (see n.2), that Argument section and the Statement of Facts that precedes it have plainly been lifted intact from his state court appeal from the denial of his post-conviction pro se motion (filed in November 2007) for scientific testing under a then-recent state statute, 725 ILCS 5/116-3. Thus the Statement of Facts concludes by referring to the allowance of a late notice of appeal on August 26, 2008, and the Argument section repeatedly refers to what "this Court" (clearly the Illinois Appellate Court, not this federal District Court)[3] should do--with repeated references to Illinois Appellate

---

[3] At page 12 the Argument states that "this Court should remand this matter for further proceedings consistent with section 5/116-3," and that "[t]his Court should apply de novo review to the trial court's denial of Smith's motion for DNA

4

decisions and no federal authorities at all.

In short, Smith's attempted first ground advances only a state law claim, again without even a hint of a federal constitutional claim. That defeats his current effort on more than one level, so that he has failed all down the line.

## Conclusion

This Court's preliminary review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts has clearly revealed "that the petitioner is not entitled to relief in the district court" (id.), so that "the judge must dismiss the petition and direct the clerk to notify the petitioner." This Court so orders--both the Petition and this action are dismissed with prejudice.[4]

```
                              _____
                              Milton I. Shadur
Date:  October 5, 2011        Senior United States District Judge
```

---

testing under section 116-3"; and in the same way, page 13 repeats the "this Court should remand" language and page 19 again reiterates the identical "this Court should remand this matter" language.

[4] As stated earlier, with the Application having been denied, Smith must cause the trust fund officer at Tamms Correctional Center, where he is now confined, to remit the sum of $5, with a reference to this case's caption and case number, to the "Clerk of Court" at this address:

> 219 South Dearborn Street
> Chicago IL 60604
> Attention: Fiscal Department

And as also stated earlier, the Motion is denied as moot.