IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MILTON SMITH #A81091,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Petitioner,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　)　　No. 11 C 6912
　　　　　　　　　　　　　　　　　　　　)
DIRECTOR S.A. GODINEZ,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Respondent.　　　　　　 )

STATEMENT AS TO CERTIFICATE OF APPEALABILITY

　　　　This Court's October 5, 2011 memorandum opinion and order ("Opinion") explained in detail the reasons for denial and dismissal of the pro se 28 U.S.C. § 2254 ("Section 2254") Petition for Writ of Habeas Corpus ("Petition") by which Milton Smith ("Smith") has challenged his 1983 conviction on two murder charges on which he is currently serving a 60-year custodial sentence. Now Smith has filed a Notice of Appeal on November 7, and this Court has received the judge's copy of his contemporaneous hand-printed Petitioner's Request for Certificate of Appealability.

　　　　Before this opinion turns to consideration of that subject, however, something needs to be said on an issue as to which no information has been provided: Either Smith's payment of the required $455 in appellate filing fees or, as would seem more likely, his motion for in forma pauperis status coupled with the printout of transactions in Smith's prison trust fund account required by 28 U.S.C. § 1915. Smith is notified that unless he addresses that subject of filing fees in an appropriate manner on

or before November 21, 2011, this Court would be constrained to report that delinquency to the Court of Appeals so it may determine the appropriate course of action.

That said, this opinion turns to Smith's designated subject matter of his motion. Although he has accurately summarized what his current filing characterizes as the "Legal Standards for Certificate of Appealability" ("COA"), his ensuing substantive discussion misses entirely the reasons that his Petition did not conform to those standards. As the risk of being repetitive, this Court will briefly recapitulate why that is so.

First, as to the state law requirement of a DNA sample (see Argument at 2-3[1]), Smith's problem is that his argument before the state courts was advanced under <u>state</u> law and not federal law (as Opinion at 4 pointed out, the Petition simply reprinted a section of the brief on Smith's state court appeal from the denial of his post-conviction pro se motion, which referred only to asserted state-based rights). Thus Smith's attempt to invoke federal habeas relief runs afoul of the fundamental principle set out in <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999):

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

---

[1] Citations to Smith's "Argument at --" refer to the discussion in Smith's current COA request.

Second, as for what Smith's current request refers to as "Ineffective Assistant of Counsel on Appeal" (see Argument at 3-4), once again he has given no heed to the Opinion's basis for rejecting that asserted ground for federal habeas relief. As Opinion at 3-4 explained, a petitioner's complaint that his federal constitutional rights were infringed by assertedly deficient performance on the part of his or her appellate lawyer is unavailable for Section 2254 purposes where the appellate counsel complained of had handled petitioner's state <u>post-conviction</u> proceedings and not the state court direct appeal. In that regard, Opinion at 3 adverted to <u>Lavin v. Rednour</u>, 641 F.3d, 830, 833 (7th Cir. 2011) and <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981) as exemplary of two independent grounds for rejecting Smith's efforts.[2]

Accordingly, this Court holds that no COA should issue as to Smith's current appeal. Smith is advised that he may tender the same issue to our Court of Appeals for its view of the subject.

                                                                     _____
                                                                     Milton I. Shadur
                                                                       Senior United States District Judge

November 9, 2011

---

[2] Because the Argument did not mention the other purported ground for relief that Smith had originally set out in his Petition, this Court assumes that he has recognized its untimeliness (see Opinion at 3).